[Cite as *Owens-Moore v. Sandusky*, 2022-Ohio-1349.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Shameka L. Owens-Moore                     Court of Appeals No.  E-22-010

      Relator

v.

City of Sandusky                           **<u>DECISION AND JUDGMENT</u>**

      Respondent                       Decided:  April 18, 2022

* * * * *

Shameka L. Owens-Moore, pro se.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court upon relator's, Shameka Owens-Moore, filing

of a "complaint and petition for writ of mandamus" on March 10, 2022.  In her

complaint, relator requests an order from this court compelling the respondent, whom she

identifies as "publicrecords@ci.sandusky.oh.us,"[1] to provide her with access to public

---

[1] In the caption of her complaint, relator names the city of Sandusky as the "defendant."
Relator then goes on to specifically identify publicrecords@ci.sandusky.oh.us as the
party from whom she seeks relief in the body of her complaint.

records that she has previously requested. Relator also seeks an award of money damages as a result of respondent's alleged refusal to provide her with the requested public records.

{¶ 2} "Mandamus is a writ, issued in the name of the state to *an inferior tribunal, a corporation, board, or person*, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." (Emphasis added.) R.C. 2731.01. In order to be entitled to relief in mandamus under R.C. 2731.01, a relator must identify as a respondent a person or entity that fits into at least one of the categories listed in the statute, namely an inferior tribunal, corporation, board, or person.

{¶ 3} In this action, relator identifies an email address apparently associated with the city of Sandusky as the respondent. In *State ex rel. Jackson v. Lucas County*, 6th Dist. Lucas No. L-96-049, 1996 WL 171550, *1 (Mar. 5, 1996), we explained that "political entities such as a state or a county are not encompassed as proper parties against whom a writ of mandamus may issue pursuant to R.C. 2731.01." Because an email address is clearly not a proper party to this mandamus proceeding, and since no other respondents are named by relator, relator is not entitled to the relief prayed for in its petition, and this action is hereby dismissed. The costs of this action are assessed to relator.

{¶ 4} The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

{¶ 5} It is so ordered.

2.

Writ Denied.

Shameka L. Owens-Moore
v. City of Sandusky
E-22-010


Thomas J. Osowik, J.                                     _____

                                                          JUDGE

Christine E. Mayle, J.


Gene A. Zmuda, J.                                  _____
CONCUR.                                                           JUDGE


                                                      _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.